NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3131

JACQUELINE RILEY,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  August 10, 2006

_____

Before MAYER, RADER, and LINN, Circuit Judges.

PER CURIAM.

Jacqueline Riley appeals the final decision of the Merit Systems Protection Board, which upheld its initial decision dismissing her appeal for lack of jurisdiction. Riley v. U.S. Dist. Court, E. Dist. Mo., CH-3443-05-0554-I-1 (MSPB Nov. 17, 2005).  We affirm.

We may only reverse a board's decision if it was arbitrary, capricious, an abuse of discretion, or unlawful; procedurally deficient; or unsupported by substantial evidence.  See 5 U.S.C. § 7703(c).  Whether the board has jurisdiction over an appeal

is a question of law that we review de novo.  See Herman v. Dep't of Justice, 193 F.3d 1375, 1378 (Fed. Cir. 1999).

Riley had the burden to establish the board's jurisdiction by presenting evidence that she was an "employee" as defined under 5 U.S.C. § 7511.  Although Riley claimed that she was an employee in the competitive service and met the definition of section 7511(a), the record clearly indicates that her position was in the excepted service. Moreover, she presented no evidence showing that she fell under subsection 7511(a)(1)(C)(i), which defines "employee" to include individuals in the excepted service "who [are] not serving a probationary or trial period under an initial appointment pending conversion to the competitive service."  Therefore, we find no error in the board's factual determinations and conclude that the board lacked jurisdiction over the appeal.